UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK TUFANO,

    Plaintiff

v.

JAKE LEVY and BETTER LIFE
FOODS INC.,

    Defendants

CIVIL ACTION NO. 3:23-cv-2106

(JUDGE MANNION)

## MEMORANDUM

Magistrate Judge Susan E. Schwab has issued a Report and Recommendation, (Doc. 14) (the "Report"), recommending that Plaintiff Frank Tufano's Amended Complaint, (Doc. 10), be dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff has filed a timely objection to the Report. (Doc. 15).

### I.    BACKGROUND

Plaintiff alleges that he owns a small business which launched the "Best Bar," a product containing a "unique formulation" of whey protein powder, beef fat tallow, honey, vanilla, and salt. (Doc. 10 ¶1–2). Defendant Jake Levy, who operates Defendant Better Life Foods Inc. and advertises its products on social media, purchased 5 orders of the "Best Bar." (Id. ¶4).

The Amended Complaint further alleges that Defendants own a product called the "Whey Better Bar," which contains a formulation of ingredients "identical" to that of Plaintiff's product, and has achieved significant sales via their TikTok shop. (Id. ¶¶4, 8). Plaintiff claims that Defendants (1) violated the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §201-3(a), by passing off goods as those of another;[1] (2) violated the UTPCPL by "appropriating the use of the product and falsely claiming its uniqueness and authorship"; (3) misappropriated a trade secret; and (4) were thereby unjustly enriched. (Doc. 10 ¶¶13–23). He seeks compensatory damages exceeding $150,000, punitive damages, and injunctive relief. (Id. ¶24).

Plaintiff's original Complaint, (Doc. 1), brought the same state-law claims but did not allege his or Defendants' citizenship. Judge Schwab therefore recommended that the complaint be dismissed with leave to amend because the court lacked subject-matter jurisdiction. (Doc. 7). The court adopted this recommendation and dismissed Plaintiff's complaint with leave to amend. (Doc. 13).

Plaintiff's Amended Complaint, (Doc. 10), alleges that he is domiciled in Pennsylvania, that Defendant Jake Levy is domiciled in New York, and

---

[1] See 73 Pa. Stat. Ann. §201-2(4)(i).

that Defendant Better Life Foods Inc. is registered in Delaware. (Id. ¶¶10–12). Because jurisdiction under 28 U.S.C. §1332 requires complete diversity of citizenship among the parties, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), because a corporation is a citizen "of every State … by which it has been incorporated and of the State … where it has its principal place of business," §1332(c)(1), and because Plaintiff has made no allegation regarding Better Life's principal place of business, the Report again concludes that subject-matter jurisdiction is lacking. (Doc. 14 at 6–8). It concludes that further leave to amend would be futile, but recommends that the Amended Complaint be dismissed without prejudice. (Id. at 8–9). Plaintiff has filed an objection to the Report, in which he alleges that "it can be assumed that Better Life Foods, Inc. is operating from Jake Levy's temporary apartment in Austin, TX." (Doc. 15 ¶9).

## II.   LEGAL STANDARD

When objections are made to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiff here proceeds pro se, but not in forma pauperis. Therefore, we do not at this juncture screen his complaint for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii). Instead, the Report was issued *sua sponte* pursuant to the court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). As such, only jurisdiction is currently at issue.

Pro se filings such as Plaintiff's must be construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). That means the court should "remain flexible," and "apply the relevant legal principle even when the complaint has failed to name it." *Id.* It does not mean, however, that pro se litigants may "flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Because Plaintiff brings only state-law claims, he asserts that jurisdiction exists pursuant to 28 U.S.C. §1332. Section 1332 extends federal court jurisdiction to actions between "citizens of different States," §1332(a)(1). This provision has been interpreted to require "complete diversity," meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Lewis*, 519 U.S. at 68. Here, then, Plaintiff's citizenship must be diverse from both Levy's and Better Life Foods, Inc.'s.

For purposes of §1332, a corporation is a citizen of its state of incorporation and the state "where it has its principal place of business." §1332(c)(1). A corporation's principal place of business is its "nerve center"—"the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

## III. DISCUSSION

The Complaint here alleges that Better Life Foods, Inc. is registered in Delaware. (Doc. 10 ¶12). Though registration is not synonymous with incorporation, the court takes judicial notice that a "BETTER LIFE FOODS INC." is incorporated in Delaware.[2] As the Report recognizes, however, the Amended Complaint also fails to specifically allege Better Life's principal place of business. (Doc. 14 at 7).

---

[2] BETTER LIFE FOODS INC. (File No. 2388071) is listed as a Delaware Corporation by the Delaware Department of State's website. *See* Entity Search, Del. Dep't of State, Div. of Corps., icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx. The court may take judicial notice of this public record. *See, e.g., Hasson v. FullStory, Inc.*, No. 2:22-cv-1246, 2023 WL4727619, at *2 (W.D. Pa. July 25, 2023); *Zangara v. Nat'l Bd. of Med. Examiners*, No. 22-1559, 2023 WL 2868223, at *5 (D. N.J. Apr. 6, 2023); *Amansec v. Midland Credit Mgmt., Inc.*, No. 2:15-cv-8798, 2017 WL 579936, at *3 n.38 (D. N.J. 2017); *Airlines Reporting Corp. v. Belfon*, No. 2003/146, 2010 WL 3664065, at *20 (D. V.I. 2010).

Plaintiff's objection (which he labels a "response") appears to be an attempt to amend his pleading to include an allegation that Better Life "is operating from" Texas. (Doc. 15 ¶8).

A federal statute provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653. "This statute applies in particular to amendments that affect a court's diversity jurisdiction, and it permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds." *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 427 (3d Cir. 1987). "Accordingly, it is not only within the power, but it is a duty, of a federal court to consider on the merits a proposed amendment of a defective allegation once the court's attention is called to the defect." *Id.*

Plaintiff's proposed amendment would not cure the jurisdictional defect. He intends only to allege that Better Life operates from Texas; not that Texas is Better Life's principal place of business. Corporations can operate outside their principal place of business. So this allegation does not inform us of Better Life's citizenship. *See J&R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 ("The complaint stated that [the defendant] had 'a' principal place of business in New Jersey, leaving open the possibility that it had 'its' principal place of business in Florida.

Thus, the complaint did not properly plead diversity jurisdiction."); *Kovacs v. Zumstein, Inc.*, No. 3:11-cv-656, 2011 WL 1541297, at *2 (M.D. Pa. 2011).

Despite Plaintiff's pro se status, this defect cannot be overlooked. That is because "[f]ederal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkenen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* And "[i]t is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be 'established argumentatively or by mere inference.'" *S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (non-precedential) (first quoting 5 C. Wright & A. Miller, Fed. Practice & Procedure §1206, and then citing *Thomas v. Bd. of Trustees of Ohio State Univ.*, 195 U.S. 207, 210 (1904)).

An allegation that Better Life operates from Texas, or from New York, would not affirmatively establish that its principal place of business is *not* in Pennsylvania. The court may not simply infer that fact. That said, there is no indication in the record that Better Life's principal place of business *is* in Pennsylvania. So the court cannot conclude that amendment would be futile. And though Plaintiff has already been given one opportunity to amend,

- 7 -

considering his pro se status and the interest in "avoid[ing] dismissal of diversity suits on technical grounds," Kiser, 831 F.2d at 427, the court concludes that dismissal with leave to amend is appropriate here.

## IV. CONCLUSION

The court agrees with the Report's reasoning except for its conclusion that further leave to amend would be futile. The Report will therefore be adopted in part and not adopted in part. Plaintiff's Amended Complaint will be dismissed with leave to amend. An appropriate order will follow.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 21, 2024**
23-2106-01