UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK TUFANO,

    Plaintiff

v.

JAKE LEVY, et al.,

    Defendants

CIVIL ACTION NO. 3:23-cv-2106

(JUDGE MANNION)

## MEMORANDUM

Before the court is the third report and recommendation ("the Report") submitted by United States Magistrate Judge Susan E. Schwab, (Doc. 23), which recommends dismissal without prejudice of Plaintiff Frank Tufano's second amended complaint. (Doc. 19). Plaintiff has filed an objection to the Report. (Doc. 24).

Plaintiff also filed a motion for preliminary injunction and a brief in support of this motion. (Doc. 20; Doc. 21). He later filed a second motion for preliminary injunction and, without leave of court, a third amended complaint. (Doc. 25; 27).

## I. BACKGROUND

In his Second Amended Complaint, (Doc. 19), (the "Complaint"), as in his original and first amended complaints, (Doc 10; Doc. 19), Plaintiff alleges that he is a small business owner who launched the "Best Bar" product, which "contains a very unique formulation of ingredients that did not exist before his creation of the product." (Doc. 19 ¶1). He alleges that Defendant Jake Levy purchased "Best Bars" from him, with the "malicious intent to copy and replicate his unique formula, product line, and marketing ideas." (Id. ¶6). There is no allegation that Plaintiff has obtained a patent for this "unique formulation of ingredients."[1]

Defendant Levy allegedly owns and sells the "Whey Better Bar," which contains "an identical formulation to [Plaintiff's] unique recipe as well as identical flavors (Vanilla, Chocolate, Berry), in addition to a similar name and marketing campaign." (Id. ¶3). Defendant has "seen massive success" from this product. (Id. ¶8).

---

[1] One who "invents or discovers any new useful process, machine, manufacture, or composition of matter … may obtain a patent therefor." 35 U.S.C. §101. A patent includes a grant, which lasts for 20 years, of the right to exclude others from selling that invention throughout the United States. §154(a). Patent infringers may be subject to injunctive relief and liable for damages. §§271(a), 283–284.

Plaintiff claims that Defendant has violated the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§201-1–201-10 ("UTPCPL"), has misappropriated a trade secret, and has been unjustly enriched. (Id. ¶¶13–17, 22–26). He also requests Pre-Complaint Discovery under 231 Pa. Code §4003.8. (Id. ¶¶18–20).

Plaintiff asserts that this court may exercise subject-matter jurisdiction pursuant to 28 U.S.C. §1332. (Id. ¶9). Magistrate Judge Schwab's first report and recommendation, which this court adopted, recommended dismissal of Plaintiff's original complaint because he had not alleged his own citizenship or that of any of the defendants, and so had not established diversity of citizenship. (Doc. 7; Doc. 13). Plaintiff's Amended Complaint alleged that he was a citizen of Pennsylvania, that Defendant Levy was a citizen of New York, and that Defendant Better Life Foods, Inc. was registered in Delaware. (Doc. 10 ¶¶10–12). Magistrate Judge Schwab recommended, and this court agreed, that the Amended Complaint be dismissed because it did not allege Defendant Better Life Foods, Inc.'s principal place of business, and so had still failed to establish complete diversity of citizenship. (Doc. 14; Doc. 16; Doc. 17).

Plaintiff has filed a second amended complaint, (Doc. 19), and Magistrate Judge Schwab has issued a third report and recommendation, (Doc. 23), recommending dismissal of the Complaint without prejudice.

Plaintiff has also filed a motion for preliminary injunction, seeking to enjoin Defendants from "making, using, offering to sell, or selling within the United States, the product 'Whey Better Bar.'" (Doc. 20).

Without a ruling on his first motion for preliminary injunction, Plaintiff filed another motion for preliminary injunction, and, without leave of court, a third amended complaint. (Doc. 25; Doc. 27).

## II.     LEGAL STANDARD

When objections are made to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

*Pro se* filings such a Plaintiff's must be construed "liberally." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Accordingly, the court "remain[s] flexible," and "appl[ies] the relevant legal principle even when the complaint has failed to name it." *Id.* But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* "And they cannot flout procedural

rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotations omitted).

### III. DISCUSSION

#### A. Pre-Complaint Discovery

The Pennsylvania Rules of Civil Procedure allow for pre-complaint discovery. Pa. R. Civ. P. 4003.8. But federal courts apply federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Plaintiff chose to file his complaint in federal court. (Doc. 1). And "no such pre-complaint discovery is available under the Federal Rules of Civil Procedure." *Mixing & Mass Transfer Techs, LLC v. Lightnin, Inc.*, No. 4:05-1519, 2006 WL 140414, at *3 n.3 (M.D. Pa. Jan. 18, 2006).

#### B. Subject-matter jurisdiction

The Report again recommends that the Complaint be dismissed because Plaintiff has not alleged Defendant Better Life Foods, Inc.'s principal place of business. (Doc. 23 at 11). The court agrees that Plaintiff has failed to establish subject-matter jurisdiction.

Diversity jurisdiction under 28 U.S.C. §1332 requires "complete diversity," meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

(1996). For purposes of §1332, a corporation is a citizen of its state of incorporation and the state "where it has its principal place of business." §1332(c)(1). A corporation's principal place of business is its "nerve center"—"the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

The Complaint alleges that Better Life is registered in Delaware[2] and "is operating from" Texas. (Doc. 19 ¶12). As the court previously explained, corporations can operate outside their principal place of business, so Plaintiff's allegation that Better Life operates from Texas does not inform us of Better Life's citizenship. (Doc. 16 at 6).

Plaintiff responds that he "has provided a beyond reasonable jurisdiction location for all parties involved with the resources he has access to," and takes issue with "an overly-scrutinous and repetitive denial of obvious jurisdiction classification specific to federal court." (Doc. 24 ¶¶5, 7). He does not explain why he thinks the Report has erred in its legal analysis.

Again, *pro se* litigants "must abide by the same rules that apply to all other litigants." *Vogt*, 8 F.4th at 185. The burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins.*

---

[2] The court previously took judicial notice that a "BETTER LIFE FOODS INC." is incorporated in Delaware. (Doc. 16 at 5 & n.2).

*Co.*, 511 U.S. 375, 377 (1994). So "in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Despite multiple specific instructions, Plaintiff has not stated Defendant's Life's citizenship, because he has not stated its principal place of business. He has therefore not established complete diversity.

The court cannot overlook this failure, as Plaintiff suggests, because "[f]ederal courts are courts of limited jurisdiction," which "possess only that power authorized by the Constitution and statute." *Kokkonen*, 511 U.S. at 377. "It is to be presumed that a cause lies outside this limited jurisdiction" until the contrary has been established. *Id.* Plaintiff will be allowed one final opportunity to file an amended complaint which establishes federal subject-matter jurisdiction. Failure to do so will result in dismissal of this action with prejudice.

### C. Preliminary Injunction

Because subject-matter jurisdiction has not been established, Plaintiff's motions for preliminary injunction will be denied.

### D. Third Amended Complaint

While a decision regarding the Report and Recommendation was pending, Plaintiff filed a third amended complaint. (Doc. 27).

"A party may amend its pleading once as a matter of course" within a certain time period, but further amendment requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Plaintiff has amended his pleading already, and he did not have consent or leave of court to file his third amended complaint before doing so. The third amended complaint will therefore be dismissed without prejudice.

### E. Service of Process

Finally, the court notes that Plaintiff has not yet made proof of valid service of process. A complaint which has not been served within 90 days of filing (unless service is waived) is subject to dismissal. Fed. R. Civ. P. 4(m). This time period runs from the date of filing of the original complaint. *Moore v. Walton*, 96 F.4th 616, 626 (3d Cir. 2024) ("[F]iling an amended complaint does not toll the Rule 4(m) service period for an original complaint." (internal quotations omitted)).[3] "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* And

---

[3] The filing of an amended complaint which adds new defendants initiates a new timetable for those defendants only. *Moore*, 96 F.4th at 626.

even in the absence of good cause, the court has discretion to extend the time for service. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

With respect to his original complaint, Plaintiff notified the court that an attempt was made to serve Defendant Levy at an address in Glen Head, New York, which was the shipping destination of an order placed by Defendant for Best Bars, but that the current owner stated that Levy had moved out of state two years ago. (Doc. 9 ¶¶1–2). Plaintiff requested that the court accept this attempt as sufficient. (Doc. 9 ¶5).

The court cannot accept this attempt; it is required to adhere to the Federal Rules. Service may be effected by following the law of Pennsylvania or the state where service is made, by delivering copies to the individual personally, by leaving copies "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering copies to an agent authorized to receive service on that individual's behalf. Fed. R. Civ. P. 4(e).

Pennsylvania allows service of process:

(1) by handing a copy to the defendant; or
(2) By handing a copy
    (i)    at the residence of the defendant to an adult member of the family with whom he resides, but if no member of the family is found, then to an adult person in charge of such residence;

      (ii)    at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

      (iii)    at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ P. 402(a).

And service outside the Commonwealth may be made by mail, compliant with Rule 403 of the Pennsylvania Rules of Civil Procedure. Pa. R. Civ. P. 404(2). Rule 403 requires a form of mail "requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403.

Considering Plaintiff's *pro se* status, the fact that he attempted to serve process, and his misconception as to the mandatory nature of the Federal Rules of Civil Procedure, the court will exercise discretion in extending the time allowed for service. If he intends to proceed with this action, Plaintiff will be allowed 30 days from the date of this order—until August 30th, 2024—to effect service of process. The court reminds Plaintiff that compliance with the Federal Rules is mandatory, even for *pro se* litigants.

## IV.    CONCLUSION

For the foregoing reasons, the report and recommendation of Magistrate Judge Schwab will be adopted. Plaintiff's motions for preliminary injunction will be denied. His second and third amended complaints will be dismissed with leave to amend. Plaintiff will be allowed until August 30th, 2024, to effect service of process. Plaintiff will be allowed to file one last amended complaint properly establishing jurisdiction as discussed above. Failure to comply will result in dismissal with prejudice.  An appropriate order will follow.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 31, 2024**
23-2106-02