# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK TUFANO, | : | CIVIL NO: 3:23-CV-02106 |
| | : | |
| Plaintiff | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| JAKE LEVY, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

Because the court is required to consider *sua sponte* whether it has subject-matter jurisdiction, *Fort Bend Cty., Tex. v. Davis*, 587 U.S. 541, 548 (2019), and because Plaintiff Frank Tufano has not pleaded facts from which it can reasonably be inferred that the court has subject-matter jurisdiction, we recommend that the court dismiss this action without prejudice.

### II. Background and Procedural History.

Tufano originally filed a complaint naming four defendants in the caption of his complaint: (1) Jake Levy ("Levy"); (2) Better Life Foods, Inc. ("Better Life"); (3) Legalinc Corporate Services Inc.; and (4) Giannuzzi Lewendon. *See* doc. 1 at 1. Tufano asserted that this court had subject-matter jurisdiction under 28 U.S.C.

§ 1332 "because there is a complete diversity of citizenship between each plaintiff and Defendant and the amount in controversy exceeds $75,000." *Id*. ¶ 8. By a report and recommendation dated January 17, 2024, we recommended that the court dismiss the complaint because Tufano had failed to adequately plead that this court has diversity jurisdiction. *Doc. 7*. We further recommended, however, that Tufano be given leave to amend to assert, if he can honestly do so, diversity jurisdiction. *Id*. at 5.

Thereafter, Tufano filed *inter alia* an amended complaint. *See doc. 10*, He also filed a "Notice to Court" asserting that he attempted to serve defendant Levy at an address in Glen Head, New York; that the service attempt was unsuccessful; that the current owner of the property where service was attempted asserted that Levy had moved out of state two years ago; and that based on shipping addresses that Levy had used to order from Tufano's business as well as Levy's social media posts, Tufano "assumes that Jake Levy has domicile in New York State in Glen Head NY, and a separate apartment in Texas where the supplier for his product resides." *Doc. 9* at 1. He requested "that the court accept this service attempt as adequate given the obvious implications that the owners of the house is [sic] Jake Levy's parents who are trying to delay court proceedings in favor of him operating his business." *Id*. at 1–2.

On February 2, 2024, Judge Mannion adopted the report and recommendation, dismissing Tufano's complaint and granting him leave to amend. *See doc. 13* at 3. Because Tufano already filed an amended complaint, Judge Mannion deemed that amended complaint filed as of the date of his order. *Id.* He also *inter alia* remanded this action to the undersigned for further proceedings. *Id.*

In the caption of his amended complaint, Tufano named two defendants: (1) Levy; (2) Better Life. *Doc. 10* at 1. Although Tufano asserted that the court had diversity jurisdiction under 28 U.S.C. § 1332, after reviewing his amended complaint, by a report and recommendation dated February 6, 2024 ("second report and recommendation"), we recommended that the court dismiss the complaint because Tufano had failed to adequately plead that this court has diversity jurisdiction. *Doc. 14*. We noted that Tufano had sufficiently alleged that he is a citizen of Pennsylvania and that Levy is a citizen of New York. But, we explained, Tufano had failed to sufficiently allege the citizenship of defendant Better Life because although a corporation like Better Life is a citizen of the states where it has been incorporated[1] and where it has its principal place of business, Tufano failed to allege where Better Life has its principal place of business. *Id.* at 7–8. And because Tufano had not sufficiently alleged Better Life's citizenship, he

---

[1] Tufano alleged that the Better Life is registered in Delaware. We noted, however, that even assuming that allegation was construed as alleging Better Life's state of incorporation, Tufano had alleged nothing regarding Better Life's principal place of business.

3

failed to plead that there was complete diversity of citizenship. *Id*. at 8.  Thus, we recommended that the court dismiss this action without prejudice for lack of subject-matter jurisdiction. *Id*. at 9.  Because Tufano had been given prior leave to amend but he still failed to plead that this court has subject-matter jurisdiction, we also recommended that Tufano not be given further leave to amend. *Id*. at 8.

      Thereafter, Tufano filed an objection to the second report and recommendation asserting, in pertinent part, that "it can be assumed that Better Life Foods, INC. is operating from Jake Levy's temporary apartment in Austin, TX." *Doc. 15* at 2.  On February 22, 2024, Judge Mannion overruled Tufano's objection and adopted in part our second report and recommendation. *See doc. 17*.  Judge Mannion adopted the second report and recommendation to the extent he dismissed Tufano's amended complaint for lack of subject-matter jurisdiction. *Id*.  In this regard, although Judge Mannion took judicial notice based on the Delaware Department of State's website that Better Life is incorporated in Delaware, Judge Mannion agreed that the amended complaint failed to allege Better Life's principal place of business. *Doc. 16* at 5, 5 n.2.

      Judge Mannion also construed Tufano's objection as "an attempt to amend his pleading to include an allegation that Better Life 'is operating from' Texas." *Id*. at 6 (quoting *doc*. 15 ¶ 8).  But he explained that such an amendment would not cure the jurisdictional defect:

4

> Plaintiff's proposed amendment would not cure the jurisdictional defect. He intends only to allege that Better Life operates from Texas; not that Texas is Better Life's principal place of business. Corporations can operate outside their principal place of business. So this allegation does not inform us of Better Life's citizenship. *See J&R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.,* 31 F.3d 1259, 1265 n.3 ("The complaint stated that [the defendant] had 'a' principal place of business in New Jersey, leaving open the possibility that it had 'its' principal place of business in Florida. Thus, the complaint did not properly plead diversity jurisdiction."); *Kovacs v. Zumstein, Inc.,* No. 3: 11-cv-656, 2011 WL 1541297, at *2 (M. D. Pa. 2011).

*Id.* at 6–7. And because federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of showing jurisdiction, and jurisdiction must be alleged affirmatively and cannot be established by inference, even though Tufano is pro se, the jurisdictional "defect cannot be overlooked." *Id.* at 7. Judge Mannion thus concluded that "[a]n allegation that Better Life operated from Texas, or from New York, would not affirmatively establish that its principal place of business is *not* in Pennsylvania[,]" and "[t]he court may not simply infer that fact." *Id.* (italics in original). But because "there is no indication in the record that Better Life's principal place of business *is* in Pennsylvania[,]"[2] he could not conclude that amendment would be futile. *Id.* (italics in original). Thus, Judge Mannion did not adopt our recommendation that Tufano not be given further leave to amend. *Id.* at 8. Rather, he granted Tufano further leave to amend, and he remanded the case to

---

[2] Given that Tufano is a citizen of Pennsylvania, if Better Life's principal place of business were in Pennsylvania, there would not be complete diversity.

5

the undersigned for further proceedings. *Doc. 17*. We then set a date for Tufano to file any second amended complaint. *Doc. 18*.

On February 28, 2024, Tufano filed a second amended complaint. *See doc. 19*. In the caption of his second amended complaint, Tufano named two defendants: (1) Levy; (2) Better Life. *Doc. 19* at 1. Tufano alleged that Levy "is assumed to be operating under the Corporation 'Better Life Foods, Inc.' which was advertised on one of his social media pages." *Id*. ¶ 5. Tufano again asserted that this court has subject-matter jurisdiction under 28 U.S.C. § 1332 "because there is a complete diversity of citizenship between each plaintiff and Defendant and the amount in controversy exceeds $75,000." *Id*. ¶ 9. He alleged that his residence and domicile is in Carbondale, Pennsylvania. *Id*. ¶ 10. He alleged that Levy's residence and domicile is in Glen Head, New York. *Id*. ¶ 11. And he alleged that Better Life "is registered in Middletown, DE, but is operating from Austin, TX, as evident by another order placed on Frank Tufano's business where Jake Levy had Frank Tufano's 'Best Bar' product shipped so that he could bring the bar to a production facility nearby to replicate." *Id*. ¶ 12.

After reviewing the second amended complaint, by a report and recommendation dated March 26, 2024 ("third report and recommendation"), we recommended that the court dismiss the second amended complaint because Tufano again had failed to adequately plead that this court has diversity

jurisdiction. *Doc. 23*. Again, we concluded that Tufano still had not alleged where Better Life's principal place of business is. Instead, he alleged Better Life is "operating from" Texas. *Doc. 19* ¶ 12. But, as set forth above, Judge Mannion had already explained that because "[c]orporations can operate outside their principal place of business[,]" such an "allegation does not inform us of Better Life's citizenship." *Doc. 16* at 6. And "[a]n allegation that Better Life operated from Texas, or from New York, would not affirmatively establish that its principal place of business is *not* in Pennsylvania[,]" and "[t]he court may not simply infer that fact." *Id*. at 7 (italics in original). Because Tufano alleged only that Better Life is operating from Texas, an allegation that Judge Mannion had already determined is insufficient to plead where Better Life's principal place of business is, we again concluded that Tufano had not sufficiently alleged Better Life's citizenship, and he, thus, failed to plead that there is diversity of citizenship. *Doc. 23* at 11. Accordingly, we recommended that the court dismiss this action without prejudice for lack of subject-matter jurisdiction. *Id*. at 12.

Before Judge Mannion ruled on the third report and recommendation, Tufano filed a third amended complaint. *See doc. 27*. Thereafter, concluding that Tufano's "allegation that Better Life operates from Texas does not inform us of Better Life's citizenship[,]" and, thus, Tufano has not alleged complete diversity, *doc. 29* at 6, 7, Judge Mannion adopted the third report and recommendation and

7

dismissed Tufano's second amended complaint, *doc. 30* ¶¶ 1, 2. He also dismissed Tufano's third amended complaint, which Tufano had filed without leave of court. *Doc. 29* at 8; *Doc. 30* ¶ 2. Judge Mannion dismissed Tufano's second and third amended complaints with leave to amend, and he gave Tufano "one last opportunity to file an amended complaint in compliance with [Judge Mannion's] attached memorandum." *Doc. 30* ¶¶ 2, 3. Judge Mannion also concluded that Tufano's previous attempted service on Levy was not sufficient service of process. *Doc. 29* at 9. And after explaining the service rules, he gave Tufano an extension of time until August 30, 2024, to effect service of process. *Doc. 29* at 9–10; *Doc. 30* ¶ 5. Judge Mannion ordered that if Tufano's "amended complaint does not establish subject-matter jurisdiction, or if he does not effect service of process by August 30th, this action will be dismissed with prejudice." *Doc. 30* ¶ 6. And he remanded the case to the undersigned for further proceedings. *Id.* ¶ 7.[3]

On August 26, 2024, Tufano filed a "Notice to the Court" requesting that a new summons be issued and that the deadline for service of the summons be extended until September 30, 2024. *Doc. 32*. In response, we directed the Clerk of Court to issue and send to Tufano a new summons, *see doc. 34*, and the Clerk of

---

[3] Judge Mannion also denied two of Tufano's then pending motions for a preliminary injunction without prejudice for lack of jurisdiction. *Doc. 30* ¶ 4. And by a subsequent order, he denied without prejudice for lack of jurisdiction another motion for a preliminary injunction, which the court had previously held in abeyance pending an amendment establishing jurisdiction. *Doc. 31*.

Court did so, *see doc. 33*. And we noted that to the extent that Tufano is seeking an extension of time to serve the summons and any fourth amended complaint, he may do so by filing a motion in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court. *Doc. 34*.

On September 3, 2024, Tufano filed a motion for an extension until September 30, 2024, for service, and he filed a brief in support of that motion. *See docs. 35, 36*. He also filed a fourth amended complaint. *See doc. 37*.

In his fourth amended complaint Tufano names four defendants: (1) Jake Levy ("Levy"); (2) Better Life Foods, Inc. ("Better Life"); (3) Norman Levy; and (4) Robyn Levy. *See doc. 37* at 1 (caption).

Tufano alleges that he is a small business owner, and in December 2020, he launched a product called "Best Bar," which combines whey protein powder, beef fat tallow, honey, vanilla, and salt. *Doc. 37* ¶¶ 1–2. He alleges that his "bar contains a very unique formulation of ingredients that did not exist before his creation of the product." *Id.* ¶ 2. And, he asserts, "[t]he ingredients are so unique it is unlikely that anyone would consider selling a similar product . . . ." *Id.*

In June 2023, Levy placed his first of five orders for Tufano's "Best Bars." *Id.* ¶¶ 4, 6. In November 2023,[4] Tufano became aware of a product called "Whey Better Bar" that contained the same formulation as his "Best Bar." *Id.* ¶ 3. The

---

[4] Tufano does not allege the year here, but from the context, we assume he means 2023.

"Whey Better Bar" also comes in the same flavors as Tufano's "Best Bar," has a similar name to Tufano's "Best Bar," and is subject to a similar marketing campaign as Tufano's "Best Bar." *Id.*  Levy is the owner of the "Whey Better Bar." *Id.* ¶ 4.  According to Tufano, Levy ordered his "Best Bar" to do research with the "malicious intent to copy and replicate his unique formula, product line, and marketing ideas." *Id.* ¶¶ 4, 6.  Tufano alleges the Levy "is assumed to be operating under the Corporation 'Better Life Foods, Inc.' which was advertised on one of his social media pages." *Id.* ¶ 5.[5]

Despite Tufano's efforts at marketing his "Best Bar" for years, "without any corporate connections or ties to media, it was more of a side income to fund his other business ventures." *Id.* ¶ 7.  Levy, on the other hand, has had "massive success" with total sales estimated to be between $150,000 and $250,000 to date. *Id.* ¶ 8.

---

[5] Although the fourth amended complaint does not name Giannuzzi Lewendon as a defendant, Tufano alleges that Giannuzzi Lewendon is Levy's "assumed legal representation" given that Tufano "received an email from them after revealing the incidenton social media." *Doc. 37* ¶ 5.  Similarly, although the fourth amended complaint does not name Legalinc Corporate Services as a defendant, Tufano alleges that "Legalinc Corporate Services is the assumed service Jake Levy used to register his Corporation 'Better Life Foods, Inc.'" *Id.*  Because Tufano has not explicitly named Giannuzzi Lewendon or Legalinc Corporate Services as defendants, we do not construe them to be defendants.  We note, however, that if Giannuzzi Lewendon or Legalinc Corporate Services were construed as defendants, Tufano has not alleged their citizenship.

In connection with his prior attempt to serve Levy in Glen Head, New York, Tufano refers to and attached an "Affidavit of Non-Service" to his fourth amended complaint. *Id.* ¶ 9; *doc. 37-1* at 3.[6] The process server states in this affidavit that "Current owner said Jake Levy moved out of state two years ago when they bought the house." *Doc. 37-1* at 3. Tufano alleges that is not correct "as on September 7, 2023, Jake Levy placed an order for Frank Tufano's 'Best Bar' to be delivered to Glen Head, NY residence with his name "Jeke [sic] Levy' as the receiving party." *Doc. 37* ¶ 10. According to Tufano, "[t]his action of intentionally delaying service by the other residents of the home raise[s] question to their involvement in Jake Levy's business ventures." *Id.* ¶ 11.

As of May 2024, Levy has rebranded the "Whey Better Bar" as "Jacob," and "[h]e has created a new website domain, switching from wheybetterbar.com to eatjacob.com." *Id.* ¶¶ 12, 13; *doc. 37-2*. Tufano asserts that Levy "has become aware of the lawsuit and that the court has failed to protect Frank Tufano and all rights relevant to his unique product and operating a small business." *Doc. 37* ¶ 14. He chides the court for raising jurisdiction "when there is fair evidence to determine residence and domicile of all known parties as opposed to making a determination on the preliminary judgement [sic] which would have prevented the continual damage to Frank Tufano's current business operations." *Id.* ¶ 15.

---

[6] Tufano also includes affidavits of service purportedly showing that Giannuzzi Lewendon was served. *Doc. 37-1* at 5, 6.

11

Tufano alleges that Levy "has been operating a successful and lucrative business, as he has sold out of his bar products every month." *Id*. ¶ 16. "As of May 17, 2024, the website eatjacob.com advertises his product as completely sold out." *Id*. ¶ 16; *doc. 37-3*. According to Tufano, although Levy modified his bar to include bovine collagen and dates, "the appearance, texture, flavor, and overall premise of the product is similar enough to Frank Tufano's 'Best Bar,' to indicate a clear attempt to steal and profit off Frank Tufano's original product." *Doc. 37* ¶ 17. Tufano alleges that Levy "has likely registered a new LLC in anticipation of any potential legal issues, but is using his personal name and image to advertise the same product sold with his previous LLC." *Id*. ¶ 18.

Tufano asserts that this court has subject-matter jurisdiction under 28 U.S.C. § 1332 "because there is a complete diversity of citizenship between each plaintiff and Defendant and the amount in controversy exceeds $75,000." *Id*. ¶ 19. He alleges that his residence and domicile is in Carbondale, Pennsylvania. *Id*. ¶ 20. Tufano alleges that Levy's residence and domicile is in Glen Head, New York, noting that this is the address Levy used to order his products. *Id*. ¶ 21; *doc. 37-5*. He also alleges that Norman and Robyn Levy's residence and domicile are in Glen Head, New York. *Id*. ¶ 22.

Tufano alleges that Better Life "is registered in Middletown, DE, but is operating from Austin, TX, as evident by another order placed on Frank Tufano's

12

business where Jake Levy had Frank Tufano's 'Best Bar' product shipped so that he could bring the bar to a production facility nearby to replicate." *Id.* ¶ 23. And he alleges that "[t]he residence and domicile of this LLC known to be in Austin Texas may not be the active operating LLC as of the date of the amended complaint." *Id.* On Levy's "new website, eatjacob.com, the contact information for the business is listed as 2513 Seton Avenue, APT 407B, Austin TX 78705." *Id.* ¶ 24; *doc. 37-4*. According to Tufano, this "represent[s] the residence and domicile of the unknown new operating LLC." *Doc. 37* ¶ 24. Tufano reasserts that "[t]here is complete diversity of citizenship between the Plaintiff and all Defendants." *Id.* ¶ 25.

Tufano presents five claims under Pennsylvania law. Claims One and Two are based on Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. *Id.* ¶¶ 26–30. The fourth amended complaint contains two claims labeled "Second Claim for Relief." *Id.* at 5. As already mentioned, one of those claims is a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *Id.* ¶¶ 28–30. The other, which we refer to as Claim Three, is a request for pre-complaint discovery pursuant to 231 Pa. Code § 4003.8. *Id.* ¶¶ 31–34.[7] The fourth claim is a state-law claim for misappropriation of trade secrets. *Id.*

---

[7] Judge Mannion pointed out in his Memorandum of July 31, 2024, that although pre-complaint discovery is allowed under Pennsylvania Rules, pre-

¶¶ 35–37.[8]  And the fifth claim is a claim for unjust enrichment. *Id*. ¶¶ 38–40.  As relief, Tufano seeks a judgment against Levy, compensatory damages of at least $300,000[9] as well as punitive damages. *Id*. ¶ 41(a)-(c).  He also seeks an order to the defendants to "[c]ease and desist of all business operations relating to 'Whey Better Bar,' 'Better Life Foods Inc.,' 'Jacob bar,' or any identical and similar products derived from" his "Best Bar." *Id*. ¶ 41(d).

## III. Discussion.

Although Tufano asserts that the court has diversity jurisdiction under 28 U.S.C. § 1332, we are constrained to conclude that he again has failed to plead diversity jurisdiction.

As we explained in our prior reports and recommendations, the court has diversity jurisdiction over civil actions where the matter in controversy exceeds the

---

complaint discovery is not available under the Federal Rules of Civil Procedure. *Doc. 29* at 5.

[8] A claim of misappropriation of trade secrets can be made under either Pennsylvania law or federal law.  Because Tufano does not mention federal law, because he asserts that the court has diversity jurisdiction, and because he sets forth this trade secret claim between other state law claims, we construe his trade secret claim as brought under Pennsylvania law.

[9] Tufano requests compensatory damages of no less than $150,000, *see doc. 37* ¶ 41(b), and then he askes for an "additional award of $150,000 as dictated by the continual operation of Jake Levy's business from the initial lawsuit filing in December of 2023," *id*. ¶ 41(c).  Thus, we conclude that Tufano is seeking at least $300,000 in compensatory damages.

sum or value of $75,000 and is between *inter alia* citizens of different states. 28 U.S.C. § 1332.  Section 1332 requires complete diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  There is complete diversity only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id*.  "A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Kissi v. Gillespie*, 348 F. App'x 704, 705–06 (3d Cir. 2009) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

"The citizenship of a natural person is the state where that person is domiciled." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).  An individual's domicile "'is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).  "To acquire a domicile, a person must be physically present in a state *and* intend to remain in that state." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (emphasis in original).

Here, Tufano has sufficiently alleged that he is a citizen of Pennsylvania. *See doc. 37* ¶ 20.  And, he has sufficiently alleged that Jake, Norman, and Robyn

Levy are citizens of New York. *Id.* ¶ 21–22. But Tufano has not sufficiently alleged the citizenship of defendant Better Life. Tufano identifies Better Life as a corporation. *See doc. 37* ¶¶ 5, 23. A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the corporation's "nerve center," which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

  Here, Tufano alleges that Better Life "is registered in Middletown, DE, but is operating from Austin, TX, as evident by another order placed on Frank Tufano's business where Jake Levy had Frank Tufano's 'Best Bar' product shipped so that he could bring the bar to a production facility nearby to replicate." *Doc. 37* ¶ 23. As Judge Mannion previously concluded, the court can take judicial notice that Better Life is incorporated in Delaware. *See doc. 16* at 5, 5 n.2. But Tufano still has not alleged where Better Life's principal place of business is. Instead, like he did before, he alleges Better Life is "operating from" Texas. *Doc. 37* ¶ 23. But, as set forth above, Judge Mannion has already determined that Tufano's "allegation that Better Life operates from Texas does not inform us of Better Life's citizenship." *doc. 29* at 6.

As to Better Life, Tufano also alleges that "[t]he residence and domicile of this LLC known to be in Austin Texas may not be the active operating LLC as of the date of the amended complaint." *Doc. 37* ¶ 23.  Residence and domicile are concepts used in connection with determining the citizenship of individuals, not corporations.  And Tufano's reference to the residence and domicile of Better Life being in Texas does not satisfy the requirement, which has been explained to him numerous times now, that to show Better Life's citizenship, he must allege Better Life's principal place of business.

Because Tufano has not sufficiently alleged Better Life's citizenship, he has failed to plead that there is diversity of citizenship.  Accordingly, this court lacks subject-matter jurisdiction.

Even though Tufano was given three prior opportunities to amend, he still has failed to plead that this court has diversity jurisdiction.  Thus, at this point, further leave to amend would be futile.

Because this court lacks subject-matter jurisdiction, we will recommend that the court dismiss this case without prejudice. *See Mohn v. United States*, No. 23-1023, 2023 WL 4311609, at *2 (3d Cir. July 3, 2023) (observing that "when a district dismisses claims for lack of subject matter jurisdiction, the dismissal should be without prejudice"); *Merritts v. Richards*, 62 F.4th 764, 772 n.4 (3d Cir. 2023) (noting that "a dismissal with prejudice on a threshold ground [such as lack

17

of subject-matter jurisdiction] should ordinarily be vacated and remanded with instructions for the claim to be dismissed without prejudice").[10]

## IV. Recommendation.

Based on the foregoing, it is recommended that the court dismiss this action without prejudice for lack of subject-matter jurisdiction. We recommend that the court not grant Tufano further leave to amend. We further recommend that

---

[10] Although a dismissal "without prejudice" is often used to indicate that the plaintiff may amend his complaint in that case, in the context of a dismissal for lack of subject-matter jurisdiction, the dismissal "without prejudice" indicates that the claim was not decided on the merits. "'A dismissal with prejudice operates as an adjudication on the merits' and typically prevents the plaintiff from subsequently litigating his claims in either the original court or any other forum." *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (quoting *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020)). "Conversely, a [d]ismissal . . . without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits, . . . and thus does not have a [claim-preclusive] effect." *Papera*, 948 F.3d at 611 (internal quotation marks and citations omitted). And "[i]f a court . . . determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits." *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997). "It has no authority to do so." *Id*. Thus, a dismissal for lack of subject-matter jurisdiction "must be without prejudice." *Aldossari,* 49 F.4th at 262; *see also Merritts v. Richards*, 62 F.4th 764, 772 n.4 (3d Cir. 2023) (noting that "a dismissal with prejudice on a threshold ground [such as lack of subject-matter jurisdiction] should ordinarily be vacated and remanded with instructions for the claim to be dismissed without prejudice"). Although we recommend that this case be dismissed without prejudice for lack of subject-matter jurisdiction, because Tufano was given leave to amend three times, we recommend that the court not grant Tufano further leave to amend in this case as such leave to amend would be futile.

because this court lacks subject-matter jurisdiction, Tufano's motion (*doc. 35*) for an extension of time to effect service be dismissed as moot.

    The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of September, 2024.

                                      *S/Susan E. Schwab*
                                      Susan E. Schwab
                                      United States Magistrate Judge