UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TUFANO, | : |
| Plaintiff | : CIVIL ACTION NO. 3:23-cv-2106 |
| v. | : (JUDGE MANNION) |
| JAKE LEVY, et al., | : |
| Defendants | : |

## MEMORANDUM

Before the Court is the fourth report and recommendation ("the Report") submitted by United States Magistrate Judge Susan E. Schwab, (Doc. 38), which recommends dismissal of *pro se* Plaintiff Frank Tufano's fourth amended complaint (Doc. 37) for lack of subject matter jurisdiction, without leave to amend. Plaintiff has not filed an objection to the Report.

Although the named defendants have not been served with a summons and the complaint in this action, the Court is permitted to raise the issue of its own subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* …"); *Johnson v. United States*, 2009 WL 2762729, at *2 (M.D. Pa. Aug. 27, 2009). Having done so,

this Court – on multiple occasions – has explained to Plaintiff the reasons why this Court lacks subject matter jurisdiction and afforded him multiple opportunities to cure. In the last order, the court noted that Plaintiff was "given one last opportunity to file an amended complaint in compliance with the attached memorandum." (Doc. 30, p. 1). Plaintiff has not done so. Accordingly, this Court is adopting Judge Schwab's Report in its entirety and dismissing Plaintiff's fourth amended complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), without further leave to amend.[1]

---

[1] Although a dismissal "without prejudice" is often used to indicate that the plaintiff may amend his complaint in that case, in the context of a dismissal for lack of subject-matter jurisdiction, the dismissal "without prejudice" indicates that the claim was not decided on the merits. "'A dismissal with prejudice operates as an adjudication on the merits' and typically prevents the plaintiff from subsequently litigating his claims in either the original court or any other forum." *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (quoting *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020)). "Conversely, a [d]ismissal . . . without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits, . . . and thus does not have a [claim-preclusive] effect." *Papera*, 948 F.3d at 611 (internal quotation marks and citations omitted). And "[i]f a court . . . determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits." In re Orthopedic "Bone Screw" *Prod. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997). "It has no authority to do so." *Id.* Thus, a dismissal for lack of subject-matter jurisdiction "must be without prejudice." *Aldossari*, 49 F.4th at 262; *see also Merritts v. Richards*, 62 F.4th 764, 772 n.4 (3d Cir. 2023) (noting that "a dismissal with prejudice on a threshold ground [such as lack of subject-matter jurisdiction] should ordinarily be vacated and remanded with instructions for the claim to

*(footnote continued on next page)*

I.     BACKGROUND

In his Fourth Amended Complaint, (Doc. 37), (the "Complaint"), as in his original, first, second and third amended complaints, (Doc. 1; Doc. 10; Doc. 19; Doc. 27), Plaintiff alleges that he is a small business owner who launched the "Best Bar" product, which "contains a very unique formulation of ingredients that did not exist before his creation of the product." (Doc. 37, ¶¶1-2). He alleges that Defendant Jake Levy purchased "Best Bars" from him, with the "malicious intent to copy and replicate his unique formula, product line, and marketing ideas." (*Id.*, ¶6).  There is no allegation that Plaintiff has obtained a patent for this "unique formulation of ingredients."[2]

Defendant Levy allegedly owns and sells the "Whey Better Bar," which contains "an identical formulation to [Plaintiff's] unique recipe as well as identical flavors (Vanilla, Chocolate, Berry), in addition to a similar name and

---

be dismissed without prejudice"). Although this Court dismisses without prejudice for lack of subject-matter jurisdiction, because Plaintiff was given leave to amend three times, the Court will not grant Plaintiff further leave to amend in this case as such leave to amend would be futile. Accordingly, Plaintiff's right to file in state court is unaffected.

[2] One who "invents or discovers any new useful process, machine, manufacture, or composition of matter … may obtain a patent therefor." 35 U.S.C. §101. A patent includes a grant, which lasts for 20 years, of the right to exclude others from selling that invention throughout the United States. §154(a). Patent infringers may be subject to injunctive relief and liable for damages. §§271(a), 283–284.

marketing campaign." (*Id.*, ¶3). Defendant has allegedly "seen massive success" from this product. (*Id.*, ¶8).

Plaintiff claims that Defendant has violated the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§201-1–201-10 ("UTPCPL"), has misappropriated a trade secret, and has been unjustly enriched. (*Id.*, ¶¶26–30, 35-40). He also requests Pre-Complaint Discovery under 231 Pa. Code §4003.8. (*Id.*, ¶¶31–34).

Plaintiff asserts that this court may exercise subject-matter jurisdiction pursuant to 28 U.S.C. §1332. (*Id.*, ¶19). Judge Schwab's first report and recommendation, which this court adopted, recommended dismissal of Plaintiff's original complaint because he had not alleged his own citizenship or that of any of the defendants, and so had not established diversity of citizenship. (Doc. 7; Doc. 13). Plaintiff's Amended Complaint alleged that he was a citizen of Pennsylvania, that Defendant Levy was a citizen of New York, and that Defendant Better Life Foods, Inc. was registered in Delaware. (Doc. 10, ¶¶10–12). Consequently, Judge Schwab recommended, and this court agreed, that the Amended Complaint be dismissed because it did not allege Defendant Better Life Foods, Inc.'s principal place of business, and so had still failed to establish complete diversity of citizenship. (Doc. 14; Doc. 16; Doc. 17). In his objection to such report, Plaintiff had argued, in pertinent

part, that "it can be assumed that Better Life Foods, INC. is operating from Jake Levy's temporary apartment in Austin, TX." (Doc. 15, p. 2). This Court overruled the objection explaining to Plaintiff that such an amendment would not cure the jurisdictional defect, to wit:

> Plaintiff's proposed amendment would not cure the jurisdictional defect. He intends only to allege that Better Life operates from Texas; not that Texas is Better Life's principal place of business. Corporations can operate outside their principal place of business. So this allegation does not inform us of Better Life's citizenship. *See J&R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 ("The complaint stated that [the defendant] had 'a' principal place of business in New Jersey, leaving open the possibility that it had 'its' principal place of business in Florida. Thus, the complaint did not properly plead diversity jurisdiction."); *Kovacs v. Zumstein, Inc.*, No. 3: 11-cv-656, 2011 WL 1541297, at *2 (M. D. Pa. 2011).

(Doc. 16, pp. 6-7). Plaintiff was advised that courts are of limited jurisdiction, that jurisdiction must be alleged affirmatively and cannot be established by inference, and that such a "defect cannot be overlooked" because Plaintiff is *pro se*. (*Id.*, p. 7). This Court provided Plaintiff leave to amend but his second amended complaint (Doc. 19) fared no better. Plaintiff alleged that Levy "is assumed to be operating under the Corporation 'Better

- 5 -

Life Foods, Inc.' which was advertised on one of his social media pages" and that such company "is registered in Middletown, DE, but is operating from Austin, TX, as evident by another order placed on [Plaintiff's] business where Jake Levy had [Plaintiff's] 'Best Bar' product shipped so that he could bring the bar to a production facility nearby to replicate." (Doc. 19, ¶¶5, 12). Judge Schwab issued a third report and recommendation, (Doc. 23), recommending dismissal of the complaint because Plaintiff, again, failed to adequately allege where Better Life's principal place of business is and instead alleged where Better Life is "operating from." (Doc. 19, ¶12). This Court had clearly explained to Plaintiff that because "[c]orporations can operate outside their principal place of business[,]" such an "allegation does not inform us of Better Life's citizenship." (Doc. 16, p. 6). "An allegation that Better Life operated from Texas, or from New York, would not affirmatively establish that its principal place of business is *not* in Pennsylvania[,]" and "[t]he court may not simply infer that fact." (*Id.*, p. 7) (italics in original).

Before ruling on the third report and recommendation, Plaintiff filed a third amended complaint (Doc. 27) without leave of court. Both the second and third amended complaints were dismissed, adopting the third report and recommendation, but – contra to Judge Schwab's recommendation – this Court provided Plaintiff his third and "last opportunity to file an amended

complaint in compliance with [this Court's] attached memorandum." (Doc. 30, ¶¶2, 3).[3]

On September 3, 2024, Plaintiff filed his fourth amended complaint (Doc. 37) naming two additional defendants (Norman Levy and Robyn Levy),[4] (*Id.*, at 1 (caption)), averring substantially the same allegations as before, repeating his allegation that Better Life "is operating from Austin, TX," but adding that "[t]he residence and domicile of this LLC[5] known to be in Austin Texas may not be the active operating LLC as of the date of the amended complaint" and "the contact information for the business is listed as 2513 Seton Avenue, APT 407B, Austin TX 78705 … representing the

---

[3] Plaintiff had also filed a motion for preliminary injunction, seeking to enjoin Defendants from "making, using, offering to sell, or selling within the United States, the product 'Whey Better Bar.'" (Doc. 20). Without a ruling on Plaintiff's first motion for preliminary injunction, Plaintiff filed another motion for preliminary injunction. (Doc. 25). The Court denied both without prejudice for lack of jurisdiction. (Docs. 30 and 31).

[4] Plaintiff alleges that Norman and Robyn Levy's residence and domicile are in Glen Head, New York. (Doc. 37, ¶22).

[5] Plaintiff inappropriately uses the acronym for a limited liability company as a reference to a corporation. *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 610 (N.D. Ill. 2023) ("an LLC is not a corporation"); *see also CML V, LLC v. Bax*, 28 A.3d 1037, 1043 (Del. 2011) ("Ultimately, LLCs and corporations are different; investors can choose to invest in an LLC, which offers one bundle of rights, or in a corporation, which offers an entirely separate bundle of rights.").

residence and domicile of the unknown new operating LLC." (*Id.*, ¶¶23-24). Plaintiff reasserts that "[t]here is complete diversity of citizenship between the Plaintiff and all Defendants." (*Id.*, ¶25).

Plaintiff presents five claims under Pennsylvania law. Claims One and Two are based on Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 *et seq.* (Doc. 37, ¶¶26-30). The Complaint contains two claims labeled "Second Claim for Relief." (*Id.*, p. 5). As aforementioned, one of those claims is claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. (*Id.*, ¶¶28-30). The other, referred to as Claim 3, is a request for pre-complaint discovery pursuant to 231 Pa. Code §4003.8. (*Id.*, ¶¶31-34).[6] The fourth claim is a state law for misappropriation of trade secrets. (*Id.*, ¶¶35-37).[7] As relief, Plaintiff seeks a judgment against Levy, compensatory damages of at least $300,000[8] as well

---

[6] This Court previously pointed out to Plaintiff in its July 31, 2024, Memorandum that although pre-complaint discovery is allowed under Pennsylvania Rules, such relief is not available under the Federal Rules of Civil Procedure. (Doc. 29, p. 5).

[7] A claim of misappropriation of trade secrets can be made under either Pennsylvania law or federal law. Because Plaintiff does not mention federal law, asserts that the court has diversity jurisdiction, and sets forth this trade secret claim between other state law claims, this Court – adopting Judge Schwab's recommendation – construes Plaintiff's trade secret claims brought under Pennsylvania law.

[8] Plaintiff requests compensatory damages of no less than $150,000, (Doc. 37, ¶41(b)), and then asks for an "additional award of $150,000 as

*(footnote continued on next page)*

as punitive damages. (*Id.*, ¶41(a)-(c)). Plaintiff also seeks injunctive relief requesting an order to direct Defendants to "[c]ease and desist of all business operations relating to 'Whey Better Bar,' Better Life Foods Inc.,' 'Jacob bar,' or any identical and similar products derived from" his "Best Bar." (*Id.*, ¶41(d)).

## II. LEGAL STANDARD

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine whether a review of the record evinces plain error or manifest injustice. Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); *see also* 28 U.S.C. § 636(b)(1); *Sullivan v. Cuyler*, 723 F.2d 1077, 1085 (3d Cir. 1983).

Judge Schwab's Report principally involves the issue of whether this Court lacks subject matter jurisdiction over Plaintiff's claims. As explained above, this Court is permitted to raise the issue of subject matter jurisdiction *sua sponte. Liberty Mut. Ins. Co.*, 48 F.3d at 750. Furthermore, Plaintiff in

---

dictated by the continual operation of Jake Levy's business from the initial lawsuit filing in December 2023," (*id.*, ¶41(c)). Adopting Judge Schwab's recommendation, this Court concludes that Plaintiff is seeking at least $300,000 in compensatory damages.

this case is acting *pro se* and this Court has, and will continue, to review his filings "liberally," *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021), "remain flexible," and "apply the relevant legal principle even when the complaint has failed to name it." *Id.* But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* "And they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotations omitted).

### III. DISCUSSION

The Report again recommends that the Complaint be dismissed because Plaintiff has not alleged Defendant Better Life Foods, Inc.'s principal place of business. In his third attempt, Plaintiff has failed to establish subject-matter jurisdiction. Having reviewed the Report, the Court finds neither a clear error on the face of the record nor a manifest injustice. Therefore, the court shall accept the Report and adopt it in its entirety. However, before making its ruling, the Court will provide a brief review of the relevant history.

The Constitution provides that the "judicial Power shall extend" to "Controversies ... between Citizens of different States." Art. III, §2. "This language, however, does not automatically confer diversity jurisdiction upon the federal courts. Rather, it authorizes Congress to do so and, in doing so, to determine the scope of the federal courts' jurisdiction within constitutional

limits." *Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010) (citations omitted). "Congress first authorized federal courts to exercise diversity jurisdiction in 1789 when, in the First Judiciary Act, Congress granted federal courts authority to hear suits 'between a citizen of the State where the suit is brought, and a citizen of another State.'" *Id.* (citing §11, 1 Stat. 78). The statute said nothing about corporations and how to determine its citizenship for diversity jurisdiction purposes.

In the beginning, when a federal court was faced with a corporate party in a diversity case, the Supreme Court held that a corporation was to be deemed an artificial person of the State by which it had been created, and its citizenship for jurisdictional purposes determined accordingly. *Louisville, C & C.R. Co. v. Letson*, 2 How. 497, 11 L.Ed. 353, 558-559 (1844). Thus, the rule for corporate citizenship started as that of the "state of incorporation." *Hertz,* 559 U.S. at 85. However, later on, "many in Congress and those who testified before it pointed out that this interpretation was at odds with diversity jurisdiction's basic rationale, namely, opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Id.* "Through its choice of the State of incorporation, a corporation could manipulate federal-court jurisdiction, for example, opening the federal courts' doors in a State where it conducted nearly all its business by filing

incorporation papers elsewhere." *Id.* at 86. Thus, in 1958, Congress made a modification to the statute, and a corporation was thus to "be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at 88 (citation and quotations omitted).

The phrase "principal place of business" had "many divergent and increasingly complex interpretations" at the federal appellate level, so the Supreme Court sought to find a "single, more uniform interpretation of the statutory phrase." *Hertz*, 559 U.S. at 92. The Supreme Court concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. Otherwise known as the "nerve center" which, "in practice it should normally be the place where the corporation maintains its headquarters[.]" *Id.* at 93.

Here, Plaintiff has not sufficiently alleged the citizenship of the corporate defendant Better Life because he has failed, repeatedly, to allege where Better Life's principal place of business is located. At best, he has told us where the entity may operate and receive shipments from but at no point did he allege where its principal place of business is. Specifically, the previously made allegation, which has been unwisely repeated, is that Better

Life "is operating from Austin, TX, as evident by another order placed on [Plaintiff's] business where Jake Levy had [Plaintiff's] 'Best Bar' product shipped so that he could bring the bar to a production facility nearby to replicate." This Court previously explained to Plaintiff that an "allegation that Better Life operates from Texas does not inform us of Better Life's citizenship." (Doc. 29, p. 6). Similarly, an allegation that Better Life receives shipments from Texas does not inform us of Better Life's principal place of business and, consequently, its citizenship.

Plaintiff now alleges that "[o]n Jake Levy's new website, eatjacob.com, the contact information for the business is listed in … Austin TX." (Doc. 37, ¶23). As previously explained to Plaintiff, jurisdiction must be alleged affirmatively and cannot be established by inference. (Doc. 16, pp. 6-7). Thus, the Court will not infer that Better Life's principal place of business is the same as the provided for location in Jake Levy's website contact information page.[9]

Lastly, Plaintiff now alleges that "[t]he residence and domicile of this LLC[10] known to be in Austin, Texas may not be the active operating LLC as of the date of the amended complaint." (Doc. 37, ¶23). As explained by

---

[9] Neither is a corporation's contact information on its website necessarily dispositive of its principal place of business.

[10] See supra, p. 7, n. 5.

Judge Schwab, residence and domicile are concepts used in connection with determining the citizenship of individuals, not corporations.[11] Such references do not answer the question of where Better Life's principal place of business is.

Plaintiff has been given three opportunities to amend, and he has failed each time to plead sufficient facts establishing this Court's jurisdiction. Thus, agreeing with Judge Schwab, further leave to amend would be futile. *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) ("[B]ecause we agree with the [d]istrict [c]ourt that amendment of the complaint would be futile, the [d]istrict [c]ourt did not err when it dismissed the complaint [for lack of subject matter jurisdiction] with prejudice."); *See also Elberson v. Commonwealth of Pa.*, 2008 WL 906494, at *6 (M.D. Pa. Mar. 31, 2008) (discussing futility of amendment for purposes of subject matter jurisdiction). The Court may not dismiss this matter with prejudice, *see Mohn v. United States*, 2023 WL

---

[11] If Plaintiff is claiming that Better Life is a limited liability company, such company is treated as a partnership rather than a corporation for diversity jurisdiction purposes, meaning that its citizenship is determined by the citizenship of all its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The citizenship of an LLC member depends on whether such member is a natural or artificial person. *Ojo v. Clarks Summit Hospitality, LLC*, 2017 WL 2692019 at *2 (M.D. Pa. Jun. 22, 2017). A natural person is deemed to be a citizen of the state in which he or she is domiciled, while a corporation (an artificial person) is a citizen of the state where it is incorporated and of the state where it has its principal place of business. *Id.* (citing *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 419).

4311609, at *2 (3d Cir. July 3, 2023) (observing that "when a district dismisses claims for lack of subject matter jurisdiction, the dismissal should be without prejudice"), but neither does it have to afford Plaintiff a fourth attempt to fix what he has repeatedly proven he is incapable of. Accordingly, this Court will dismiss without prejudice and without further leave to amend.[12]

### IV.   CONCLUSION

For the foregoing reasons, the report and recommendation of Magistrate Judge Schwab (Doc. 38) will be adopted. Plaintiff's fourth amended complaint (Doc. 37) will be dismissed without prejudice and without further leave to amend in this court. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 11, 2024**
23-2106-03

---

[12] *See supra*, p. 2-3, n. 1.